SUALEVAI LAULELEI SEA, Claimant

v.

TAFEA FAAUMA SEUI, T.S. TUIMOLOAU, SI`ITUA SAVINI,
LETALU M. MOLIGA,
PESE MASELINO, PULEISILI F. TUIOLESEGA, & SEGILA
PUIAI VAEAO, Objectors/Counter-Claimants

In the Matter of the Matai Title "LOLO"

High Court of American Samoa
Land and Titles Division

MT No. 09-93

May 2, 1994

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, AFUOLA,
Associate Judge, and BETHAM, Associate Judge.

Counsel: For Tafea F. Seui, Robert A. Porter
 For Si`itua Savini, Gata E.W. Gurr
 For Letalu M. Moliga, Afoafouvale L.S. Lutu
 For Segila P. Vaeao, Albert Mailo

Order on Motions for New Trial:

On March 23, 1994, the Court issued its Opinion and Order adjudging
Letalu M. Moliga to be most qualified candidate to hold the matai title
"Lolo," pertaining to the village of Sili, Manu`a. On March 30, 1994,
Segila P. Vaeao filed his motion for new trial basically on the contention
that the evidence favored his candidacy. Likewise, Tafea F. Seui, filed
his identical motion.

We first note that both motions are mere disagreements with the
Associate Judges' weighing of the evidence. Second, neither motion

46

hardly complies with the "particularity" requirements of T.C.R.C.P. 7(b)(1) ("An application to the court for any order shall be by motion which . . . shall state with particularity the grounds therefor. . . ."). In the context of a motion for a new trial, the purpose of this particularity requirement is to avoid unnecessary appeals by giving the trial court itself a chance to correct any errors it may have made. *Taulaga v. Patea*, 17 A.S.R.2d 34, 35 (App. Div. 1990). *See also American Samoa Government v. Falefatu*, 17 A.S.R.2d 114, 119-120 (Trial Div. 1990) ("What is essential [to a motion for a new trial] is that it be filed within the statutory period and that it fully apprises the court of the asserted errors in the judgment or sentence, so that the trial court may consider for itself whether any such errors occurred and make appropriate corrections."). The grounds for the motions are simply couched in the way of conclusionary statements, and we were without the benefit of argument elaborating on the positions respectively asserted. The motions for new trial are, therefore, denied.

It is so ordered.